UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

| | |
|---|---|
| UNITED STATES for the USE and BENEFIT of METRIC ELECTRIC, INC.<br>    Plaintiff<br><br>VS.<br><br>CCB, INC. and THE HANOVER INSURANCE COMPANY<br>    Defendants | **COMPLAINT** |

## JURISDICTION

Jurisdiction for this cause of action is based upon 40 U.S.C. §§ 3131-3134 (formerly 40 U.S.C. §§ 270a-270d) ("Miller Act").

## PARTIES

1. Plaintiff Metric Electric, Inc. ("Metric") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located at 9 Anna's Way, Boxford, MA, Essex County, Massachusetts.

2. Defendant CCB, Inc. ("CCB") is a corporation organized under the laws of the State of Maine, with a principal place of business in 5 Start Industrial Park, 85 Bradley Drive, Westbrook, ME 04092.

3. Defendant The Hanover Insurance Company ("Surety") is a corporation organized under the laws of the Commonwealth of Massachusetts with a principal place of business located in 440 Lincoln Street, Worcester, MA 01653.

## FACTS

4. At all times material to the above-numbered Complaint, Metric has been an electrical contractor.

5. On or about September 12, 2013, CCB, as the prime contractor, entered into an agreement with the General Services Administration ("GSA") to perform electrical work for the JFK Federal Building, located at Government Center, 25 Sudbury Street, Boston, MA 02203.

6. As part of entering into such agreement, CCB obtained a payment bond with the Surety in the amount of $3,969,971.51 as required by 31 USC §3005. (See Exhibit "1" attached hereto and incorporated herein).

7. On November 4, 2013, Metric, as a first tier subcontractor, entered into a contract with CCB to perform electrical work at the JFK CHS CIS 1st and 9th Floor Project in Boston, MA ("the Project"). (See Exhibit "2" attached hereto and incorporated herein).

8. Among other things, the contract provided that:

   a. The contract amount was $1,380,301.00;

   b. There was a 10% retainage;

   c. Time was of the essence and the work was to be substantially complete as of January 24, 2015.

9. Metric submitted invoices from November 2013 through March 2014 and they were paid on a timely basis.

10. In April and May of 2014, Metric submitted invoices for $60,300.00 and $36,000.00, respectively. (See Exhibit "3" attached hereto and incorporated herein).

11. Metric submitted its invoices in a timely fashion.

12. CCB never rejected any invoices in writing, did not include any explanation of the factual and contractual basis for a rejection or certify that any rejection was made in good faith.

13. Metric submitted written change order requests during the course of its work in a timely fashion, which amounted to an additional $41,742.44.

14. CCB did not certify that it was rejecting any of the change orders in good faith.

15. Metric completed all of the work for which it had submitted change orders in a proper and workmanlike manner.

16. Metric fully performed the work required under the contract until CCB terminated the contract on June 10, 2014. (See Exhibit "4" attached hereto and incorporated herein).

17. In its termination letter, CCB stated that upon completing a full accounting of the work, it would issue payment to Metric.

18. More than 90 days have passed since the last day Metric performed work on the Project for CCB.

19. CCB has not made any payments since it terminated its contract with Metric on June 10, 2014.

## COUNT I
## Breach of Contract-CCB

20. Metric repeats and realleges the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. CCB breached its contract with Metric by failing to pay Metric amounts due under the contract.

22. As a result of the CCB's breach of contract, Metric has suffered substantial and continuing financial damages in excess of $158,833.14.

## COUNT II
## Quantum Meruit-CCB

23. Metric repeats and realleges the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

24. Metric provided work and materials to CCB.

25. Equity requires that Metric be compensated for the value of the work and materials CCB received.

26. CCB must compensate Metric for the value of the work it received in the amount of $158,833.14.

## COUNT III
## Claim Against Surety under Miller Act

27. Metric repeats and realleges the allegations contained in Paragraphs 1 through 26 as if fully set forth herein.

28. The Surety is liable to Metric for damages in the amount of $158,833.14 in addition to interest.

## COUNT IV
## Violation of Mass. Gen. Laws ch. 93A, §§2 and 11 –CCB

29. Metric repeats and realleges the allegations contained in Paragraphs 1 through 28 as if fully set forth herein.

30. CCB is engaged in trade or commerce in the state of Massachusetts.

31. CCB has violated M.G.L. c. 93A, §11 by intentionally withholding funds due and owing to Metric with the intent of causing it economic duress.

32. As a result of CCB's violation M.G.L. c. 93A, §11, Metric has suffered substantial and continuing financial damages.

WHEREFORE, the Plaintiff, Metric Electric Inc., respectfully requests that the Court enter judgment in its favor on each and every Count of the Complaint, and that the Court order:

1. CCB to pay Metric all of the funds that are immediately due and owing as per Metric's accounting;

2. Award Metric triple damages, attorney's fees, interests and costs pursuant to M.G.L. c. 93A §11; and

3. Award all further relief as the Court deems just and proper.

> Respectfully Submitted,
> METRIC ELECTRIC INC.
> By its attorneys,
>
> ＿＿/s/ Kavita M. Goyal＿＿＿＿＿＿＿＿＿
> Joel Rosen (BBO# 567788)
> Kavita M. Goyal (BBO# 654013)
> Rosen Law Office, P.C.
> 204 Andover Street, Ste. 402
> Andover, MA 01810
> 978-474-0100
> jrosen@rosenlawoffice.com
> kgoyal@rosenlawoffice.com

Dated: May 29, 2015